UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

          Plaintiff,

v.

JOSE RODRIGUEZ,

          Defendant.

Criminal Case No. 19-30029-MGM

## ORDER DENYING THE GOVERNMENT'S
## MOTION FOR PRETRIAL DETENTION

Defendant Jose Rodriguez ("Defendant") is charged by indictment with two counts of

distribution and possession with intent to distribute heroin and one count of possession with

intent to distribute heroin, 100 grams or more. The government has moved for pre-trial

detention, invoking the presumption that applies in drug cases where the potential sentence is ten

years or more. *See* 18 U.S.C. § 3142(e)(3)(A); *United States v. Rebollo-Andino*, 312 Fed. App'x

346, 348 (1st Cir. 2009) (per curiam) (where the indictment provided probable cause to believe

that defendant committed a drug offense carrying a maximum term of imprisonment of ten years

or more, the statutory presumption applied; a defendant has a burden of producing some

evidence to rebut the presumption and even if he does so, the presumption continues to carry

significant weight to the extent the case resembles the congressional paradigm involving the

special risks of flight and danger posed by organized drug traffickers). The court held a hearing

on the government's motion on August 27, 2019, and, at the conclusion of the hearing, took the

government's motion under advisement.

1

The factors to be considered in determining whether to release or detain a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include the nature and circumstances of the offense charged; the weight of the evidence as to guilt; the history and characteristics of the accused, including family ties, history relating to drug or alcohol abuse, criminal history, record concerning appearances at court proceedings, financial resources and employment; and the nature and seriousness of the danger to any person or the community that would be posed by a release. *See* 18 U.S.C. § 3142(g). The question for the court is whether, in light of these factors, conditions can be imposed that will *reasonably assure* the defendant's future appearances and the safety of the community if he is released pending trial.

The government's reason for moving for pre-trial detention in this case carries weight. A federal grand jury has found probable cause to believe that Defendant distributed heroin, a substance the distribution of which indisputably poses danger to the community. The government's case for the specific charges in the indictment appears very strong. There are video recordings of two hand-to-hand transactions, and audio recordings from a three-month Title III interception that, according to the government, reflect Defendant's engagement on a daily basis in the distribution of heroin. Defendant faces a minimum mandatory sentence of five years because he is charged with possession with intent to distribute one hundred grams of heroin or more in Count III of the indictment. The pretrial services report recommends detention pending trial.

Evidence at the detention hearing about the defendant's history and characteristics, which included that gleaned from the pretrial services report, showed the following. Mr. Rodriguez is 33 years old. At the time of his arrest, he was employed by Stavros as a personal care assistant to an individual who has written a letter of support (Exh. 1). He was born in Puerto Rico but has

lived in western Massachusetts since he was two years old. He has strong family ties to the local community, where his mother, brother, sister, and most of his maternal relatives live. His father lives in Puerto Rico. Defendant has resided at the same address for the last three years with his fiancée, who works in a bank, their 8-year-old child, and his fiancée's 10-year-old daughter. Defendant reported an employment history that was largely unconfirmed with the exception of the employment with Stavros. If he is released pending trial, he can return to work with Stavros and to live with his fiancée and their children. Although Defendant reported dropping out of school in ninth grade, he also reported obtaining his GED while incarcerated. Defendant reported a history of untreated substance abuse.

Defendant's criminal history, as reported in the pretrial services report, indicates that his most significant conviction was in May 2011 for firearms charges and receiving stolen property. He was sentenced to four to six years in state prison on these offenses. Before that, in 2005, he was convicted of malicious destruction of property; in 2006, of unarmed robbery and assault and battery, and, separately, of breaking and entering and trespassing; in 2008, of harassing telephone calls; and in 2010, of carrying a dangerous weapon (a knife), and operating after his license was revoked. He was charged in July 2019 with trafficking in heroin, a state court charge that will be dismissed in deference to federal prosecution, and firearms violations that, at this time, remain pending in state court without indictment. Defense counsel represented that when the police recovered the firearms that are the basis of these state court firearms charges, they were in the possession of someone other than Defendant. Law enforcement officers recovered neither controlled substances nor weapons when they searched Defendant's residence on or

around July 6, 2019.[1] The pretrial services report notes two violations of probation. Those violations occurred in 2006 and 2008, and, defense counsel explained, resulted from Defendant's indictment in or around July 2007 and his 3-year incarceration on murder charges that were ultimately nol prossed in 2010. The pretrial service report notes criminal activity while under supervision, but, after careful review, this does not appear accurate. Following Defendant's 2011 conviction, it appears he was sentenced to two years of probation following incarceration. There is no record of violation in connection during this period of probation.

The question of pretrial release or detention in this case is close. On risk of flight, Defendant has rebutted the presumption by his strong showing of ties to the community, available employment, a stable living situation, and family members willing to stand as sureties for his appearance. On the government's evidence, Defendant does not appear to match the congressional paradigm that undergirds the presumption of pretrial detention, which is based on Congressional findings that ""'drug traffickers often have established ties outside the United States ... [and] have both the resources and foreign contacts to escape to other countries."'" *United States v. Valdivia*, 104 Fed. App'x 753, 754 (1st Cir. 2004) (per curiam) (quoting *United States v.* Jessup, 757, 378, 385 (1st Cir. 1985) (quoting S. Rep. No. 225, at 20 (1983), *reprinted in* 1984 U.S.C.A.N. 1, 23)). The government did not put on evidence of ties to individuals outside the United States or in other jurisdictions, nor was there evidence of Defendant's role in an organized drug trafficking organization, or of access to financial resources to flee this district. In addition, as defense counsel pointed out, Defendant was charged with drug and firearms offenses in the state district court in early July 2019, was not held in state custody, and did not

---

[1] The government did not take issue with defense counsel's representations on the results of the search of Defendant's residence.

leave the area. He does not have a history of failing to appear: according to the pretrial services report, there are no defaults in his criminal history. For these reasons, taking into account conditions that can be imposed, the court finds that Defendant has rebutted the presumption and that the government has failed to carry its burden of persuasion by a preponderance of the evidence that there are no supervision conditions that can reasonably assure Defendant's future appearances.

The court further finds that Defendant has rebutted the presumption as to danger to the community and that the government has not shown by clear and convincing evidence that there are no conditions of release that will reasonably assure the safety of the community if Defendant is released pending trial. Defendant has a family and a stable residence, and a history of employment. The government's argument for detention rests almost entirely on the fact that there is probable cause to believe that Defendant distributed heroin and on the dangers of the drug. From this premise, the government contends that the court should conclude that there are no conditions that will reasonably assure that Defendant will not continue to distribute drugs if he is released pending trial. "The Supreme Court, in *United States v. Salerno*, 481, U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that '[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'" *U.S. v. Say*, 233 F. Supp. 2d 221, 223 (D. Mass. 2002). Cases in which a district court has relied on the risk of continuing drug distribution as a basis for a finding of dangerousness generally are distinguishable by the evidence showing the scale and organized nature of the conduct in which the defendant is alleged to have engaged. *See, e.g., U.S. v. Cidraz-Santiago*, 18 F. Supp. 3d 124, 129 (D.P.R. 2014) (affirming pretrial detention where defendant was allegedly responsible for operating drug checkpoints in housing projects); *U.S. v. Rodriguez-Romero*, 18 F. Supp. 3d 116,

123 (D.P.R. 2014) (affirming pretrial detention where defendant was growing marijuana and kept three loaded firearms and a bullet-proof vest in the house occupied by his minor children); *United States v. Shea*, 749 F. Supp. 1162 (D. Mass. 1990) (affirming pretrial detention of one defendant based on evidence of the defendant's status as a high ranking official in the alleged drug trafficking organization). Defendant did not have drugs or weapons in his residence where he lived with his fiancée and two minor children. The government did not represent that Defendant made any threats of violence during three months of recorded conversations. *See Shea*, 749 F. Supp at 1170-73 (ordering pretrial release of two lower-level individuals alleged to be part of a cocaine drug trafficking organization). Defendant's family and friends are willing to stand as sureties for his conduct if he is released pending trial. To the extent Defendant's untreated substance abuse history contributed to his alleged criminal conduct, he can be required to participate in substance abuse treatment at the discretion of a supervising pretrial services officer. Considering the factors set out in the Bail Reform Act and the government's evidence, the court finds that there are conditions of supervision that can reasonably assure the safety of the community if Defendant is released pending trial.

A form of conditions of release for Mr. Rodriguez is attached hereto as exhibit 1.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

Dated: September 4, 2019

6